UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| George N.S. Jones, Sr., | ) | C/A No.: 9:11-02109-GRA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Warden Leroy Cartledge; Asso. | ) | |
| Warden Lewis; Asso. Warden Parker; | ) | |
| Sgt. Bell; Corporal Ried; c/o Ward; | ) | |
| Sgt. Terry; Lt. Aiken; Capt. Baldwin; | ) | |
| Capt. Stevens; Lt. Thompson; and Lt. | ) | |
| Marshall, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

      This matter comes before the Court for review of United States Magistrate Judge Bristow Marchant's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina, and filed on August 21, 2012. Plaintiff George N.S. Jones, Sr., an inmate with the South Carolina Department of Corrections (SCDC) proceeding *pro se*, filed this action on August 11, 2011, pursuant to 42 U.S.C. § 1983. ECF No. 1. Defendants moved for summary judgment on April 19, 2012. ECF No. 29. An order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), was issued by the magistrate judge on April 23, 2012. ECF No. 30. Plaintiff filed three responses to Defendant's Motion for Summary Judgment, and Defendants filed replies to all of Plaintiff's responses. *See* ECF No. 36, 38, 40, 41, 43 & 44.

      Under established procedure in this judicial district, Magistrate Judge Marchant made a careful review of the *pro se* complaint pursuant to the procedural provisions of

28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Magistrate Judge Marchant recommends that this Court grant Defendants' Motion for Summary Judgment, and deny Plaintiff's pending Motion to Amend and Motion for a Temporary Restraining Order.  Neither party objected to the magistrate judge's Report and Recommendation.  For the reasons discussed herein, this Court adopts the magistrate judge's recommendation in its entirety and grants Defendants' Motion for Summary Judgment.

## Standard of Review

Plaintiff brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).  A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

## Background

Plaintiff is a state prisoner currently incarcerated at McCormick Correctional Institution (MCI).  *See* Report and Recommendation, ECF No. 62.  He filed the instant action, alleging violation of his constitutional rights pursuant to 42 U.S.C. § 1983, on August 11, 2011.  ECF No. 1.  In the verified Complaint, Plaintiff raises the following claims: (1) the mailroom at MCI is violating his constitutional rights, because they read

his legal mail and refuse to notarize his legal documents; (2) during sick call he is not allowed to see "Dr. McRee" due to a "malicious attitude"; (3) in January and February 2009, he was not provided with shoes or boots to wear, thereby causing nerve damage to his feet; (4) he was assaulted by "Boatwright" in the presence of "Nurse Carson," "Officer Hines," Defendant Lt. Thompson, and Defendant Sgt. Terry, who failed to take action; (5) he slipped and fell on the floor and was refused medical care for a month after notifying Defendants Corporal Reid, Lt. Aiken, Capt. Baldwin, and Capt. Stevens; (6) he does not receive his seizure medication on time or in the proper dosage as prescribed by a neurologist; (7) "Nurse Miss Cushman" takes too long when she is administering or giving out medication in the pill line; (8) he has not been taken to a dentist to have necessary dental work completed; and (9) he has been disciplined for invalid or meritless reasons.  *See* ECF No. 1.

In addition, Plaintiff moves to amend the Complaint to add Dr. Moore, Dr. McRee, Ms. Young, and Ms. Franklin into this civil action.  ECF No. 54.  He also moves for a Temporary Restraining Order against Nurse Tarcia James so that she will be "immediately and permanently restrained from handling Plaintiff's medication," and against Warden Leroy Cartledge so that he cannot "retaliatorially [sic] transfer[] Plaintiff to a different institution."  ECF No. 53.

### Discussion

Magistrate Judge Marchant recommends granting Defendants' Motion for Summary Judgment, and denying Plaintiff's pending Motion to Amend and Motion for Temporary Restraining Order.  *See* Report and Recommendation, ECF No. 62.

The magistrate judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id*. "The failure to file objections to the report and recommendation waives any further right to appeal." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see Carter v. Pritchard*, 34 F. App'x 108, 108 (4th Cir. 2002) (per curiam). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  In this case, objections were due on September 7, 2012.  Neither the defendants nor the plaintiff have filed any objections to the magistrate judge's Report and Recommendation.

After a review of the record, this Court finds that the magistrate judge's Report and Recommendation accurately summarizes the case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment is GRANTED, and Plaintiff's claims are DISMISSED with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend and Motion for Temporary Restraining Order are DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

September 18, 2012
Anderson, South Carolina